IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| K.C. MARKS, III,                ) | |
| )| |
| Plaintiff,       ) | |
| ) | Civil Action File |
| vs.                                      ) | |
| ) | No. 1:05-cv-00079-CAP-AJB |
| CITY OF ATLANTA, GEORGIA,  ) | |
| ) | |
| Defendant.   ) | |

### PLAINTIFF'S MOTION IN LIMINE, WITH ARGUMENT AND CITATION OF AUTHORITY

### INTRODUCTION

Now comes the Plaintiff, K.C. Marks III, and submits his Motion in Limine, showing that the City should be barred from presenting evidence, eliciting testimony, or arguing to the jury that Plaintiff failed to mitigate his damages or exhaust his administrative remedies by not pursuing his claims against the City before the City's Civil Service Board.

### ARGUMENT AND CITATION OF AUTHORITY

**The City should be barred from presenting evidence, eliciting testimony or arguing to the jury that Plaintiff failed to mitigate his damages or exhaust his administrative remedies by not pursuing his claims before the City's Civil Service Board.**

As a member of the City's classified civil service, Marks had the right to appeal disciplinary actions to the City's Civil Service Board. After the City discharged him from employment, Marks did not appeal the matter to the Civil Service Board and withdrew a pending appeal of the five-day suspension imposed in August 2003. In its position statements to the EEOC, the City argued that Marks had failed to take advantage of his right to appeal his suspension and discharge to the Civil Service Board. At his deposition, the City questioned Marks and introduced exhibits about Marks's failure to pursue his claims before the City's Civil Service Board. Marks's failure to appeal to the City's Civil Service Board is irrelevant and immaterial to the City's affirmative defense that Marks's failed to mitigate his damages or to any other issue. Therefore, the Court should exclude all evidence, testimony, and argument on the subject.

The failure to mitigate damages is an affirmative defense on which the employer bears the burden of proof. Munoz v. Oceanside Resorts, Inc., 223 F.3d 1340, 1347 (11th Cir. 2000). Specifically, the employer has the burden of demonstrating that "comparable work was available and the claimant did not seek it out." Weaver v. Casa Gallardo, Inc., 922 F.2d 1515, 1527 (11th Cir. 1991). See also Munoz, 223 F.3d at 1347 (employer must demonstrate that the employee did not seek comparable employment). Marks is aware

of no authority that a plaintiff's duty to mitigate damages includes a duty to pursue internal administrative remedies.  Rather, it is well established that an aggrieved employee may seek relief without first invoking or exhausting available alternative or contractual remedies other than those set out in the statutes anti-discrimination statutes.  Rios v. Reynolds Metal Co., 467 F.2d 54, 57(5th Cir. 1972). [1]  See also Bost v. Federal Express Corp., 372 F.3d 1233, 1238 (11th Cir. 2004)  (The ADEA requires that an individual exhaust available administrative remedies by filing a charge of unlawful discrimination with the EEOC before filing a lawsuit);  29 U.S.C. 2617(a)(2)  (right to relief under the FMLA requires filing suit within two years of adverse action;  Edwards v. Heatcraft, Inc., 2006 U.S. Dist. LEXIS 80134, *9 (M.D. Ga. 2006) (no administrative prerequisites to filing suit under the FMLA).  Given the authority, Marks's failure to appeal to the Civil Service Board also is irrelevant to the City's defense that Marks failed to exhaust his administrative remedies.

---

[1]  Decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981 are binding precedent in the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc),

## CONCLUSION

For the reasons set out above, the Court should bar the City from presenting evidence, eliciting testimony or arguing to the jury that Plaintiff failed to mitigate his damages by not pursuing his claims before the City's Civil Service Board.

Respectfully submitted this 4th day of May, 2007.

/s/ Mary J. Huber
Mary J. Huber
Georgia Bar No. 373700
**Attorney for Plaintiff**

Suite 800 Commerce Plaza
755 Commerce Drive
Decatur, Ga.  30030
(404) 601-4125
(404) 806-6243 (fax)
mary@maryjhuber.com

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the foregoing brief is prepared in Times New Roman type, size 14, proportionately spaced.

/s/ Mary J. Huber
Mary J. Huber
Georgia Bar No. 373700

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served copies of the foregoing pleading on all parties listed below by electronically filing same with the Clerk of Court by using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Mr. Robert Godfrey
Ms. Cleora Anderson
City of Atlanta Law Dept.
Suite 4100
68 Mitchell St., S.W.
Atlanta, GA.  30335-0332

This 4th day of May, 2007.

/s/ Mary J. Huber
Mary J. Huber
Georgia Bar No. 373700
Attorney for Plaintiff
