## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **K.C. MARKS, III,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action File** |
| **vs.** | ) | |
| | ) | **No.  1:05-cv-00079-CAP-AJB** |
| **CITY OF ATLANTA, GEORGIA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PROPOSED CONSOLIDATED PRETRIAL ORDER

Now come the parties, through their respective counsel, and submit the

following proposed consolidated pretrial order.

### 1.

There are no motions or other matters pending for consideration by the Court,

except as noted:

*The Plaintiff has filed a motion in limine.  (Doc. 122).*

### 2.

All discovery has been completed, unless otherwise noted, and the Court will

not consider any further motions to compel discovery.  (Refer to LR 37.1, NDGa).

Provided there is no resulting delay in readiness for trial, the parties shall, however,

be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties

The parties request that the style be corrected for purposes of trial to omit David Scott and Donna Owens as individual defendants in light of the Court's ruling on the issue of qualified immunity, subject to reconsideration based on evidence adduced at trial and without prejudice to Plaintiff's right to appeal.

4.

Unless otherwise noted, there is no question as to the jurisdiction of the Court.  Jurisdiction is premised on the existence of federal question under the following code sections: 29 U.S.C. § 1331.

5.

The following individually named attorneys are hereby designated as lead counsel for the parties:

       Plaintiff:       Mary J. Huber

       Defendant:      Robert N. Godfrey

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR 39.3B(2), NDGa).  State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

None.

7.

The captioned case shall be tried (X) to a jury or (___) to the Court without a jury, or (___) the right to trial by jury is disputed.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e., that the same jury consider separately issues such as liability and damages.  State briefly the reasons why a trial should or should not be bifurcate

9.

Attached hereto as Attachment "A" and made a part of this Order by reference are the questions which the parties request that the Court propound to the jurors concerning their legal qualifications to serve.

10.

Attached hereto as Attachment "B-1" are the general questions which Plaintiff wishes to be propounded to the jurors on voir dire examination.

–3–

Attached hereto as Attachment "B-2" are the general questions which
Defendant wishes to be propounded to the jurors on voir dire examination.

The Court shall question the prospective jurors as to their address and
occupation and as to the occupation of a spouse, if any.  Counsel may be permitted
to ask follow-up questions on these matters.  It shall not, therefore, be necessary for
counsel to submit questions regarding these matters.  The determination of whether
the Judge or counsel will propound general voir dire questions is a matter of
courtroom policy which shall be established by each Judge.  The parties have, in
addition, attached as Attachment "B-3" a proposed questionnaire to be filled out by
the jurors prior to voir dire examination.

## 11.

State any objections to Plaintiff's voir dire questions.

*With the Court's permission,  Defendant will submit its objections to*
*Plaintiff's voir dire questions prior to the pretrial conference.*

State any objections to Defendant's voir dire questions.

*Plaintiff's objections following Attachment B-2.*

## 12.

In accordance with Rule 47(b) of the Federal Rules of Civil Procedure, all
civil cases to be tried wholly or in part by jury shall be tried before a jury consisting

of not less than six (6) members, unless the parties stipulate otherwise.  The parties

must state in the space provided below the basis for any requests for additional

strikes.  Unless otherwise directed herein, each side as a group will be allowed the

number of peremptory challenges as provided by 28 U.S.C. § 1870.

The parties do not request additional strikes.

13.

State whether there is any pending related litigation.  Describe briefly,

including style and civil action number.

There is no pending related litigation.

14.

Attached hereto as Attachment "C" is Plaintiff's outline of the case, which

includes a succinct factual summary of Plaintiff's cause of action and which shall be

neither argumentative nor recite evidence.  All relevant rules, regulations, statutes,

ordinances, and illustrative case law creating a specific legal duty relied upon by

Plaintiff shall be listed under a separate heading.  In negligence cases, each and

every act of negligence relied upon shall be separately listed.  For each item of

damage claimed, Plaintiff shall separately provide the following information:  (a) a

brief description of the item claimed - for example, pain and suffering; (b) the dollar

amount claimed; and a citation to the law, rule, regulation, or any decision

authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "D" is the Defendant's outline of the case, which includes a succinct factual summary of all general, special and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the Defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result

–6–

in the imposition of sanctions upon the non-cooperating counsel.

*The parties request permission to file stipulated facts prior to the beginning of trial.*

### 17.

The legal issues to be tried are as follows:

(1)     Was Plaintiff's age a motivating factor in the City's decision to suspend him from employment for five days in August 2004?
(2)     Was Plaintiff's age a motivating factor in the City's decision to reassign him to work at the Maddox Park Solid Waste Services facility?
(3)     Was Plaintiff's age a motivating factor in the City's decision to discharge him from employment?
(4)     Was retaliation for Plaintiff's exercise of family and medical leave a motivating factor in the City's decision to discharge him from employment?
(5)     Is the Plaintiff entitled to recover backpay and the value of lost benefits? If so, in what amount?
(6)     Is the City liable to Plaintiff for liquidated damages in an amount equal to the value of the backpay award?
(7)     Is the Plaintiff entitled to recover attorneys' fees, expenses of litigation, and costs?

### 18.

Attached hereto as Attachment "F-1" for the Plaintiff and "F-2" for the

Defendant, is a list of all the witnesses and their addresses for each party.  The list

must designate the witnesses whom the party will have present at trial and those

witnesses whom the party may have present at trial.  Expert (any witness who might

express an opinion under Rule 702), impeachment and rebuttal witnesses whose use

as a witness can be reasonably anticipated must be included.  Each party shall also

attach to the list a reasonably specific summary of the expected testimony of each

expert witness.

All of the other parties may rely upon a representation by a designated party

that a witness will be present unless notice to the contrary is given ten (10) days

prior to trial to allow the other party(s) to subpoena the witness or to obtain the

witness' testimony by other means.  Witnesses who are not included on the witness

list (including expert, impeachment and rebuttal witnesses whose use should have

been reasonably anticipated) will not be permitted to testify, unless expressly

authorized by Court order based upon a showing that the failure to comply was

justified.

*The Plaintiff has attached his objections to Defendant's witness list.   With*

*the Court's permission,  Defendant will  submit its objections to Plaintiff's witness*

*list prior to the pretrial conference.*

19.

Attached hereto as Attachment "G-1" for the Plaintiff and "G-2" for the

Defendant are the typed lists of all documentary and physical evidence that will be

tendered at trial.  Learned treatises which are expected to be used at trial shall not

be admitted as exhibits.  Counsel are required, however, to identify all such treatises

–8–

under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for Court stamping purposes. A courtesy copy of each party's list must be submitted for use by the Judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached list by affixing numbered yellow stickers to Plaintiff's exhibits, numbered blue stickers to Defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence

may be used at trial.  Documentary or physical exhibits may not be submitted by counsel after filing of the Pretrial Order, except upon consent of all the parties or permission of the Court.  Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial.  Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

*The Plaintiff has attached his objections to Defendant's exhibit list.   With the Court's permission, Defendant will submit its objections to Plaintiff's exhibit list prior to the pretrial conference.*

## 20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

The parties may take depositions for the preservation of testimony and utilize those depositions at trial if it becomes necessary to do so.

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the date the case is first scheduled for trial.  Objections not perfected in this manner will be deemed

waived or abandoned.  All depositions shall be reviewed by counsel and all

extraneous and unnecessary matter, including non-essential colloquy of counsel,

shall be deleted.  Deposition, whether preserved by stenographic means or

videotape, shall not go out with the jury.

21.

Attached hereto as Attachment "H-1" for Plaintiff and "H-2" for Defendant,

are any trial briefs which counsel may wish to file containing citations to legal

authority concerning evidentiary questions and any other legal issues which counsel

anticipate will arise during the trial of the case.  Limitations, if any, regarding format

and length of trial briefs is a matter of individual practice which shall be established

by each Judge.

*The parties request permission to file their trial briefs prior to the start of*

*trial.*

22.

In the event this is a case designated for trial to the Court with a jury, requests

to charge must be submitted no later than 9:30 a.m. on the date on which the case is

calendared (or specially set) for trial.  Requests which are not timely filed and which

are not otherwise in compliance with LR 51.1, NDGa., will not be considered.  In

addition, each party should attach to the requests to charge a short (not more than

−11−

one (1) page) statement of that party's contentions, covering both claims and

defenses, which the Court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit

District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's

Federal Jury Practice and Instructions in preparing the requests to charge.  For those

issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are

directed to extract the applicable legal principle (with minimum verbiage) from each

cited authority.

23.

If counsel desire for the case to be submitted to the jury in a manner other

than upon a general verdict, the form of submission agreed to by all counsel shall be

shown in Attachment "I" to this Pretrial Order.  If counsel cannot agree on a special

form of submission, parties will propose their separate forms for the consideration

of the Court.

*The parties request permission to file their forms of special verdict at the*

*time of filing the requests to charge.*

24.

Unless otherwise authorized by the Court, arguments in all jury cases shall be

limited to one-half hour for each side.  Should any party desire any additional time

−12−

for argument, the request should be noted (and explained) herein.

The parties do not request additional time for argument.

25.

If the case is designated for trial to the Court without a jury, counsel are directed to submit proposed findings of fact and conclusions of law not later than the opening of trial.

26.

Pursuant to LR 16.3, N.D.Ga., lead counsel and persons possessing settlement authority to bind the parties conferred by telephone on May 4, 2007, to discuss in good faith the possibility of settlement of this case.  The Court  (X) has not discussed settlement of this case with counsel.  It appears at this time that there is:

        (____)        A good possibility of settlement.

        (_x_)        Some possibility of settlement.

        (____)        Little possibility of settlement.

        (____)        No possibility of settlement.

27.

Unless otherwise noted, the Court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice

−13−

of the Court.

28.

The Plaintiff estimates that he will require 2 days to present his evidence as part of his case in chief.  The Defendant estimates that it will require 1  days to present its evidence.  It is estimated that the total trial time, including jury selection, is 4 days.

29.

IT IS HEREBY ORDERED that the above constitutes the Pretrial Order for the above-captioned case ( ) submitted by the stipulation of the parties or (_x__) approved by the Court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the Pretrial Order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto; and that this Pretrial Order shall not be amended except by Order of the Court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the Court, unless specifically authorized in writing by the Court.

IT IS SO ORDERED, this ____ day of _____, 2007.

–14–

_____
THE HONORABLE ALLEN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

Each of the undersigned counsel for the parties hereby consents to entry of

the foregoing Pretrial Order, which has been prepared in accordance with the

Pretrial Order form adopted by this Court.


_____/s/_____
Mary J. Huber
Georgia Bar No. 373700
**Attorney for Plaintiff**


Suite 800 Commerce Plaza
755 Commerce Drive
Decatur, Ga.  30030-2623
404 601-4125
mary@maryjhuber.com


_____/s/_____
Robert N.Godfrey
Senior Assistant City Attorney
Georgia Bar No. 298550
**Attorney for Defendant**


CITY OF ATLANTA LAW DEPARTMENT
City Hall Tower Suite 4100
68 Mitchell Street SW
Atlanta, Georgia  30303-0332
404-330-6400 Telephone
404-658-6894  Facsimile
rgodfrey@atlantaga.gov