**Attachment C**
**Plaintiff's Outline of the Case**

**Factual summary of causes of action:**

At trial, the jury will consider two causes of action against the City of Atlanta: (1) Marks's claim for age discrimination in violation of the Age Discrimination in Employment Act,    29 U.S.C. §621 et seq.;  and (2) Marks's claim for retaliatory discharge in violation of the Family and Medical Leave Act,   28 U.S.C. §2601 et seq.   Marks's claims are premised upon the following facts:

Marks, who is sixty-two years old, formerly was employed by the City of Atlanta in the Department of Public Works in the position of Public Works Manager.   At the time of his discharge, Marks was fifty-nine years old and had been employed by the City continuously for almost thirty-five years.

On June 16, 2003, David Scott and Debra Owens joined the City workforce as Commissioner and Deputy Commissioner, respectively, of the Department of Public Works.  Within weeks, Scott and Owens asked Marks to retire and  Marks refused.  Thereafter, Owens suspended Marks, without pay, for a period of five days and transferred him to an assignment with less prestige and diminished responsibility.  Marks suffered stress and depression in response to these adverse actions and sought a leave of absence.  When

Owens refused Marks's request for a leave of absence, Marks made a request for leave pursuant to the Family and Medical Leave Act (FMLA), which request the City granted.

As the date of expiration of Marks's FMLA leave approached, Plaintiff sought an extension of leave.  The City denied Marks's request for an extension of his FMLA leave, but advised Marks to contact his supervisor about other options.   Marks tried to do so, but the supervisor and her department head did not respond to Marks's inquiries.   Although the City was aware that Marks was ill and unable to return to work, it terminated Marks's employment effective February 5, 2004, for the stated reason of job abandonment.

**Rules, regulations, statutes, ordinances and case law creating a legal duty to Plaintiff:**

Age Discrimination in Employment Act, 29 U.S.C. §623, prohibits age discrimination in employment.

Family and Medical Leave Act, 28 U.S.C. §2601 et seq., prohibits employer from retaliating employees who exercise FMLA rights.  29 C.F.R. §825.220(g);  Smith v. BellSouth Telecomms., Inc., 273 F.3d 1303, 1313-14 (11th Cir. 2001).

**Plaintiff's damages**:

**Backpay**

Plaintiff is entitled to backpay for his five-day suspension and from the date of his discharge to the date of trial.  Munoz v. Oceanside Resorts, Inc., 223 F.3d 1340, 1347 (11th Cir. 2000) (age case).   See

also Nevada Dept. of Human Resources v. Hibbs, 538 U.S. 721 (2003) (in an FMLA case, plaintiff's damages are restricted to actual monetary losses).   The court should resolve uncertainties in back pay in favor of the discrimination victim.  Pettway v. American Cast Iron Pipe Co., 494 F.2d 211, 260-61 (5th Cir.1974),

The amount of backpay is calculated pursuant to the City of Atlanta pay and classification plan for salary grade 30 and City of Atlanta ordinances providing for the payment of annual employee increments and pay increases during that period.   Plaintiff's backpay for the five day suspension is **$1,415.06**.   For the pay period beginning February 17, 2004, through the pay period ending January 1, 2007, the total estimated amount of backpay is **$212,309.34.**   This amount will increase should the evidence show that, after Plaintiff's discharge, the position of Public Works Manager was reclassified to salary grade 32.

During Plaintiff's employment, the City of Atlanta did not participate in the Social Security system and pension payments received during the period from Plaintiff's discharge to the date of trial should not be deducted from the backpay award.   Hipp v. Nat'l Life Ins. Co., 65 F.Supp.2d 1314 (M.D. Fla. 1999), applying Dominguez v. Tom James Co., 113 F.3d 1188 (11th Cir. 1997) (social security benefits are not deducted from backpay awards).

**Interest on backpay:**

Interest on backpay will be calculated in accordance with 28 U.S.C. §1961.  McKelvy v. Metal Container Corp., 854 F.2d 448 (11th Cir. 1988).

**Lost benefits:**

Plaintiff suffered a loss of pension benefits by being separated from work before he reached 30 years of service.   The monthly cost of that loss is, at minimum, $195.68;  the total for the 39 months from February 17, 2004, through May 17, 2007 is **$7,631.52**.   According to Life Expectancy data published by the U.S. government, Plaintiff can expect to live to age 78.6 and, prior to trial, will reduce to present value the anticipated future loss of **$38,979.46.**

**Annual leave:** Benefits such as vacation pay are to be recouped in a backpay award. Munoz, 223 F.3d at 1348. The amount of annual leave is determined by City ordinance. At the time of his discharge, Plaintiff was entitled to 20 days of annual leave per year. The amount of annual leave that Plaintiff would have recovered had he worked through December, 2006 is approximately: **$2,777.21.**

## Liquidated damages:

In an ADEA case, the plaintiff is entitled to recover liquidated damages in those cases in which the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA. 20 U.S.C. §626; 29 U.S.C. §217; Hazen Paper Co. v. Biggins, 507 U.S. 604, 113 S.Ct. 1701 (1993). Liquidated damages should be in an amount at least equal to the amount of backpay. Castle v. Sangamo Weston, Inc., 837 F.2d 1550, 1561 (11th Cir. 1998).

In a FMLA case, a court shall award liquidated damages equal to the damages for lost compensation plus interest, subject to an affirmative defense pled by the employer. 29 U.S.C. §2617(a)(iii).

## Costs of litigation:

Costs of litigation are recoverable pursuant to the ADEA and the FMLA. To date, Plaintiff has incurred costs and expenses of litigation in the amount of **$5,087.50.**

## Attorney's fees and expenses:

Recovery of Attorneys' fees and expenses of litigation is authorized pursuant to the ADEA and the FMLA. Through April 2007, Plaintiffs' lead counsel has spent 277.6 hours on this case; all hours have been recorded contemporaneously. A reasonable rate for Plaintiff's lead counsel is $300.00 per hour.