**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **K.C. MARKS, III,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action File** |
| **vs.** | ) | |
| | ) | **No.  1:05-cv-00079-CAP-AJB** |
| **CITY OF ATLANTA, GEORGIA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE
TO MOTION IN LIMINE**

**INTRODUCTION**

Now comes the Plaintiff and shows that on May 4, 2007, he filed a motion in limine seeking to prevent the City of Atlanta from presenting evidence, eliciting testimony, or arguing to the jury that Plaintiff failed to mitigate his damages by not pursuing administrative relief through the City's Civil Service Board.  (Doc.  122).   The City filed a response to the motion, arguing that it intends to rely upon such evidence "as failure to mitigate [damages] as is permissible under federal precedent."   (Doc. 128, at 1). Plaintiff shows that the Court should reject the City's argument, as the

authority that the City relies upon is not precedent and has no persuasive value.   Plaintiff shows further that, even if the evidence were relevant to the issue of mitigation, the evidence should be excluded pursuant to Fed.R.Evid. 403.

      **1.**      **The City relies upon authority that has no persuasive value.**

In support of the motion in limine, Plaintiff cited well-established Eleventh Circuit law on the employer's defense of failure of mitigate damages. (Doc.  at 2-3).  Plaintiff observed that he is aware of no authority that a plaintiff's duty to mitigate damages includes a duty to pursue administrative remedies.  (Id.).     In response, the City relies upon three cases:   Dishnow v. Sch. Dist. Of Rib Lake, 77 F.3d 194 (7th Cir. 1996); Barrow v. Greenville Indep. Sch. Dist., 205 WL 39086 (N.D. Tx. 2005); and Clopp v. Atlantic County, 2002 WL 31242218 (D.N.J. 2002).  According to the City, the cases support the proposition that "the employee who fails to avail himself of the grievance procedure may be deemed to have failed to mitigate damages by making an election to forego his contractual rights." (Doc.  128, at 3).   None of the decisions are precedent in this Circuit and none of the cases are persuasive on the issue.   See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) ("Under the established federal legal system the decisions of one circuit are not binding on other

circuits."); <u>Macola v. Govt. Employees Ins. Co</u>., 410 F.3d 1359, 1363 (11th Cir. 2005) (alternative holding in an unpublished district court case of little persuasive value); <u>Dow Jones & Co., Inc. v. Kaye</u>, 256 F.3d 1251, 1258 n. 10 (11th Cir. 2001) ("We note that generally district court decisions are only persuasive authority and have no binding precedential authority beyond the case in which they are entered, and not always in that case.").

The City's first case, <u>Dishnow</u>, does not stand for the proposition for which the City cites it.  In <u>Dishnow</u>, the Seventh Circuit considered the defendants' appeal from a jury verdict and damages award in favor of a former public employee.  Among other things, the defendants complained that the award of compensatory damages was excessive.   77 F.3d at 198. The court observed that, after Dishnow requested a hearing on his discharge, the defendants defamed him by publicly disseminated the accusations against him.  <u>Id.</u>   The court addressed the question of mitigation in the context of a discussion of whether Dishnow had caused the defamation by requesting a public hearing:

> The valid insight at the heart of the concept of self defamation, whether or not the concept itself is accepted, justifies Dishnow's decision to request a public hearing on the charges against him. He was not gratuitously publicizing the charges in an effort to magnify his damages. He was, if anything, attempting to mitigate his damages or exhaust his administrative remedies, since the public hearing might have resulted in his reinstatement, obviating, in all likelihood, this lawsuit.  Mitigation and exhaustion are to be encouraged rather than

penalized. This point would be entitled to no weight if Dishnow were arguing that the publicizing of the grounds of his termination prevented him from obtaining equivalent employment, thus depriving him of his constitutional liberty of occupation.

77 F.3d at 199.

The decision in <u>Dishnow</u> simply does not support the proposition that an employee's failure to pursue internal administrative remedies is evidence of a failure to mitigate damages.

The second case, <u>Barrow</u>, involved an employee's claim that the defendants had failed to consider her for a promotion because her child attended a private Christian school.   The district court rejected the employer's defense of failure to mitigate damages because he filed to produce "any evidence that Barrow could have obtained back pay or a promotion, or otherwise could have mitigated her damages, by filing a formal grievance."   2005 WL 39086, *6 -7.   Because the Court does not reach the substance of the affirmative defense, this unpublished district court decision has little persuasive value.

The decision in the third case, <u>Clopp</u>, also is limited to the facts therein.  In that case, the district court considered the defendants' motion for a new trial after a jury verdict in the plaintiff's favor.   In its decision, the district court simply endorsed its own jury charge that provided that, on the issue of mitigation, the jury could consider whether the plaintiff had

appealed or grieved any allegedly unfair disciplinary action.  2002 WL 31242218, *8.  Like the district court in <u>Barrow</u>, the court in <u>Clopp</u> does not address the substance of the mitigation defense.

In the numerous decisions issued on the subject of the anti-discrimination statutes, the Eleventh Circuit has never held that an employee's failure to exhaust internal administrative remedies is a factor to be considered on the issue of failure to mitigate damages.  Rather, the rule is that, to prove its defense, the employer must show that the plaintiff failed to seek substantially equivalent employment.  <u>See, e.g.</u>,  <u>Munoz v. Oceanside Resorts, Inc.</u>, 223 F.3d 1340, 1347 (11th Cir. 2000);  <u>EEOC v. Massey Yardley Chrysler Plymouth</u>, 117 F.3d 1244, 1251-42 (11th Cir. 1997); <u>Weaver v. Casa Gallardo, Inc.</u>, 922 F.2d 1515, 1527 (11th Cir. 1991);  <u>EEOC v. Guardian Pools</u>, 828 F.2d 1507, 1510 (11th Cir. 1987); <u>Walters v. City of Atlanta</u>, 803 F.3d 1135, 1145 (11th Cir. 1986);  <u>Nord v. U.S. Steel Corp.</u>, 758 F.2d 1462, 1470 (11th Cir. 1985).  <u>See also</u> <u>Ford Motor Co. v. E. E. O. C.</u>, 458 U.S. 219, *231-232, 102 S.Ct. 3057 (1982) ("An unemployed or underemployed claimant, like all other Title VII claimants, is subject to the statutory duty to minimize damages set out in § 706(g). This duty, rooted in an ancient principle of law, requires the claimant to use reasonable diligence

in finding other suitable employment.").    This Court should reject the City's effort to change the rule.

### 2.    Even if the evidence was relevant to the issue of mitigation, the potential for confusing the jury and wasting time outweighs any probative value.

Fed.R.Evid. 403 provides that the court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration's of undue delay, waste of time, or needless presentation of cumulative evidence."   Even if the Court determines that Plaintiff's failure to pursue his appeal to the Civil Service Board is relevant to the issue of mitigation, the evidence should be excluded under Rule 403.

The City is aware that, on the advice of counsel, Marks did not pursue an appeal to the City's Civil Service Board.   During discovery, Plaintiff disclosed his expert's report explaining the reason that he did not pursue an appeal.   (Doc.  70).  Plaintiff's expert, David Ates, explained that:

> As a result of the decision in the case of <u>Travers v. Jones</u>,  323 F.3d 1294 (11th Cir. 2003), public employees who plan to file suit against their employers pursuant to 42 U.S.C. Section 1983 should not pursue administrative remedies, such as hearings before a civil service or merit board.   The public employee who pursues administrative remedies takes the risk that the administrative body will make findings of fact that have a preclusive effect in subsequent litigation.

(Doc.  70, Pl's 4th Amended Disclosures, Attachment 1, at 1 ).

In this case, should the Court allow the Court to present evidence and argue that Plaintiff failed to mitigate his damages by not filing an appeal to the City's Civil Service Board, Plaintiff will present his expert's testimony about why a plaintiff's counsel would advise against pursuing an administrative appeal.   Presentation of such evidence would be a waste of time in the Special Master proceeding, as the City presented no expert opinion to the contrary and the evidence is undisputed.   Should this case be tried to a jury, consideration of the evidence would require the jury to evaluate and second-guess litigation strategy, resulting in possible confusion.

## CONCLUSION

As shown above and in Plaintiff's previous submission, the Court should grant Plaintiff's Motion in Limine.

Respectfully submitted this 3rd day of June, 2007.


/s/ Mary J. Huber
Mary J. Huber
Georgia Bar No. 373700
**Attorney for Plaintiff**

Suite 800 Commerce Plaza
755 Commerce Drive
Decatur, Ga.  30030
(404) 601-4125
(404) 806-6243 (fax)
mary@maryjhuber.com

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the foregoing brief is prepared in Times New Roman type, size 14, proportionately spaced.

/s/ Mary J. Huber
Mary J. Huber
Georgia Bar No. 373700

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served copies of the foregoing pleading on all parties listed below by electronically filing same with the Clerk of Court by using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Mr. Robert Godfrey
Ms. Cleora Anderson
City of Atlanta Law Dept.
Suite 4100
68 Mitchell St., S.W.
Atlanta, GA.  30335-0332

This 3rd day of June, 2007.

/s/ Mary J. Huber
Mary J. Huber
Georgia Bar No. 373700
Attorney for Plaintiff